UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02199 | Date | April 6, 2011 |
|---|---|---|---|
| Title | Aurora Loan Services LLC v. Vaivase Tuimalealiifano | | |

[JS 6]

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Paul M. Cruz | | N/A | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| N/A | | N/A | |

**Proceedings:**      IN CHAMBERS ORDER re Sua Sponte Remand

"This Court has the duty to consider subject matter jurisdiction sua sponte in every case, whether the issue is raised by the parties or not." See Spencer Enterprises, Inc. v. United States, 345 F.3d 683, 687 (9th Cir. 2003).[1]

   Plaintiff filed an Unlawful Detainer action in the Los Angeles County Superior Court seeking possession of foreclosed property and holdover damages amounting to a rate of $30 per day from February 28, 2011 until the date judgment is entered for Plaintiff by the Superior Court. Defendant removed the case to this Court, alleging jurisdiction under 28 U.S.C. § 1331.

   The critical requirement for general federal question jurisdiction under 28 U.S.C. § 1331 is the phrase "arising under" federal law.  An action "arises under" federal law within the meaning of § 1331 if: (1) federal law creates the cause of action and/or grants federal jurisdiction to hear the case; or (2) the plaintiff's right necessarily depends on resolution of a substantive question of federal law.  The only federal claims mentioned were mentioned by Defendant as defenses in his removal. Whether a case "arises under" federal law does not depend upon matters raised in the answer. See Holmes Group Inc.v. Vornado Air Circulation Systems, Inc., 535 U.S. at 830-31; U.S. Nat'l Ass'n v. Almanza , No. 1:09-CV-28 AWI DLB, 2009 WL 161082, *2 (E.D. Cal. 2009) (remanding a state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question"). The only claim raised by Plaintiff in its complaint is Unlawful Detainer, a state cause of action. See Cal. C. C. P. § 1161; Homesales, Inc. v. Frierson, 2009 WL 365663, *2 n.8 ("An unlawful detainer action is a true state law claim."). Thus, this Court does not have jurisdiction under 28 U.S.C. § 1331.

   The Court ORDERS that the action be REMANDED to state court pursuant to 28 U.S.C. §

---

   [1]Plaintiff has filed a Motion to Remand (the "Motion") but the Court finds that its duty to consider subject matter jurisdiction sua sponte in every case allows it to remand the case without discussion of Plaintiff's Motion.

                                                                              :

                                          Initials of Preparer          PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02199 | Date | April 6, 2011 |
|---|---|---|---|
| Title | Aurora Loan Services LLC v. Vaivase Tuimalealiifano | | |

[JS 6]

1447(c).

:

Initials of Preparer     PMC